# EXHIBIT 1



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Anthony Rivera
_____
Plaintiff

15 - 0 0 4 4 3 1

vs.                                             Case Number _____

JPMorgan Chase Bank, N.A.
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Anthony Rivera
_____
Name of Plaintiff's Attorney

817 4th Street NE
_____
Address

Washington, DC 20002
_____

202-544-0859
_____
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date  6/17/15

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화하십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                CASUM.doc



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
Demandante

contra

Número de Caso: _____

_____
Demandado

## CITATORIO

Al susodicho Demandado:

    Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

    A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                                                                  *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

Por: _____
                                   Subsecretario

_____
Dirección

Fecha _____

_____
Teléfono

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요    ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO_.

    Si desea converser con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-682-2700) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

                                        Vea al dorso el original en inglés
                                        See reverse side for English original

                                                                                                                 CASUM.doc



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

ANTHONY RIVERA
    Vs.                                            C.A. No.      2015 CA 004431 B
JPMORGAN CHASE BANK, N.A.

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                                Chief Judge Lee F. Satterfield

Case Assigned to: Judge JEANETTE J CLARK
Date: June 17, 2015
Initial Conference: 9:30 am, Friday, September 18, 2015
Location: Courtroom 221
          500 Indiana Avenue N.W.
          WASHINGTON, DC  20001                            Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

IN THE SUPERIOR COURT FOR DISTRICT OF COLUMBIA

RECEIVED
Civil Clerk's Office
JUN 1 7 2015
Superior Court of the
District of Columbia
Washington, D.C.
15-0044 3 1

| | |
|---|---|
| **Anthony Rivera**<br>817 4th Street Northeast<br>Washington, DC 20002<br><br>*on behalf of himself and*<br>*all others similarly situated*<br><br>Plaintiff,<br><br>v.<br><br>**JPMorgan Chase Bank, N.A.**<br>Serve: C T Corporation System<br>1015 15th Street Northwest<br>Washington, District of Columbia 20005<br><br>Defendant. | Civil Action No. _____<br><br>CLASS ACTION COMPLAINT FOR<br>DAMAGES AND INJUNCTIVE RELIEF |

Plaintiff Anthony Rivera, on behalf of himself and all others similarly situated, bring this complaint for injunctive relief and damages arising out of the systematic issuance of erroneous credit reporting by defendant JPMorgan Chase Bank, N.A. ("Chase"). Defendant has erroneously reported legally and properly discharged debts of Plaintiff and the Class as due and owing, with consistent and knowing disregard for their rights and defendant's own statutory obligations. Defendant has recklessly or willfully reported patently known inaccurate and derogatory information. Even after Plaintiff and the Class informed defendant of the falsely reported discharged debts as due and owing, Chase has negligently and willfully failed to consistently and adequately correct the erroneous information.

### PARTIES

1. The plaintiff is a natural person and resides in the District of Columbia.

2. Defendant Chase is a national banking association organized under the laws of the United States. Chase provides financial services, including mortgage-related services to consumers and financial entities. Chase originates, services, sells and purchases mortgage

1

loans. As part of its servicing-related actions, Chase furnishes credit information regardings its mortgagors to the credit reporting agencies ("CRAs").

## FACTS

3. Named Plaintiff is among hundreds of thousands of persons throughout the United States who have filed no asset bankruptcies pursuant to Chapter 7 of the U.S. Bankruptcy Code and who have been granted orders of discharge by a U.S. Bankruptcy Court. Under federal bankruptcy laws, such an order fully and completely discharges all statutorily dischargeable debts incurred prior to the filing of such no asset bankruptcies, except for those that have been: (1) reaffirmed by the debtor in a reaffirmation agreement; or (2) successfully challenged by one of his creditors in a related adversary proceeding. Named Plaintiff and the Class are persons for whom such debts have been discharged through bankruptcy.

4. A substantial number of those bankruptcies identified and included Washington Mutual ("WaMu") as a creditor who had its debt discharged. WaMu was notified of the bankruptcy proceedings and adjusted its reporting of the discharged debts to show the debt as included in bankruptcy or discharged with no debt obligation owed or due.

5. Chase claims to have acquired the servicing and/or ownership of WaMu loans in 2008 or 2009. Upon acquisition of the WaMu loans Chase had access to WaMu's records, which indicated whether a loan has been discharged or not in a bankruptcy. Furthermore, Chase has access to bankruptcy information from public sources such as courthouse or online case managements systems such as PACER.

6. Defendant is well aware that the effect of a discharge order in a no asset bankruptcy under Chapter 7 is to discharge all statutorily dischargeable debts other than those that have been reaffirmed in a reaffirmation agreement or successfully challenged in an

adversary proceeding. Information relating to whether a debt had been reaffirmed or successfully challenged was readily accessible to Chase as WaMu was reporting the information correctly and accurately prior to Chase's intervention into the matter. Furthermore, the information is retrievable from PACER through automated, computerized means. Thus, Defendant knew or at a minimum should have known that the debts were discharged in a bankruptcy proceeding.

7. Additionally Chase has also failed to fulfill its legal and statutory obligation to investigate and correct the status of the discharged debts they have falsely reported as due and owing. Defendant's practices regarding the investigation of those debts are woefully inadequate.

8. By failing to adopt and maintain reasonable investigation practices for correcting the erroneous information that Chase reports to CRAs, Chase has acted in willful and reckless disregard of their rights and its obligations under the FCRA.

9. As a direct consequence of Defendant's grossly inadequate and inaccurate reporting, Named Plaintiff and the Class have been effectively denied the fresh start to which they are legally entitled under the U.S. Bankruptcy Code.

10. As a direct consequence of Chase's grossly inadequate investigation practices and procedures, Named Plaintiff and the Class have been further denied the fresh start to which they are legally entitled under the U.S. Bankruptcy Code.

11. In each case, Named Plaintiff and the Class' credit ratings have been adversely affected by Defendant's erroneous Credit Reports.

### DEFENDANTS' PRODUCTION OF ERRONEOUS CREDIT REPORTS RELATING TO THE NAMED PLAINTIFF

12. Mr. Rivera obtained a mortgage loan in August 2001.

13. Washington Mutual Bank, F.A. ("WaMu") purportedly began servicing the mortgage loan in February 2002.

14. Mr. Rivera filed a chapter 7 bankruptcy in January 2003.

15. The mortgage loan being serviced by WaMu was included in the bankruptcy.

16. In May 2003 the mortgage loan was discharged in the bankruptcy.

17. Thereafter, WaMu reported to the CRAs that Mr. Rivera's mortgage account was discharged in the bankruptcy with a zero balance to reflect Mr. Rivera no longer was personally liable for the debt.

18. In September 2009 JPMorgan Chase Bank, N.A. ("JPMC") purported to have acquired WaMu purported servicing rights in Mr. Rivera's mortgage loan.

19. In March 2013 Mr. Rivera obtained his credit reports and discovered that the Defendant was erroneously reported the discharged WaMu mortgage account as due and owing on Plaintiff's credit reports.

20. Since Chase began erroneously reporting the discharged debt as a debt that's owed with a outstanding balance and past due amount delinquency, Mr. Rivera's credit rating has been adversely affected by the subsequently erroneously issued Credit Reports.

21. Within two years of filing this complaint, including January 2015, Mr. Rivera disputed the information in his report with a CRA.

22. Although Mr. Rivera had provided Equifax with all the information to forward to Chase that was needed to correct the erroneous entries in the Credit Report, and although Chase already had sufficient information in its possession to report the account accurately as discharged without a balance due or owing, Chase failed to instruct the CRA to report it as such. Instead, Chase responded by instructing Equifax to continue reporting the account as being currently due and owing.

4

23. Following the date of his discharge, and again, following the date he disputed the inaccuracy with Equifax, Mr. Rivera's credit rating has been adversely affected by Chase's erroneous credit reporting.

## CLASS ACTION ALLEGATIONS

24. Plaintiff seeks to maintain this action as a class action representing a class consisting of the following:

> All individuals who, within two years of the filing of this complaint, have had a consumer report with a Chase mortgage tradeline that was not reported as discharged despite the fact that such debt(s) had been discharged as a result of their no asset bankruptcy under Chapter 7 of the Bankruptcy Code and continued to be erroneously reported by Chase as due and owing any time after Chase received a notice of the consumer(s) dispute from a credit reporting agency informing Chase that those debts had, in fact, been discharged.

25. *Ascertainability/Numerosity*: The class is ascertainable in that it is comprised of individuals who can be identified by reference to purely objective criteria. There are hundreds, if not thousands of members of the class and, therefore, it would be impracticable to bring all, or even a substantial percentage of, such persons before the Court as individual plaintiffs.

26. *Typicality*: The claims of the named plaintiff are typical of the claims of each member of the class he seeks to represent because: (1) they have all been injured in the same manner as a result of Defendant's uniform and woefully inadequate procedure regarding the reporting and investigation of debts that have been discharged in bankruptcy; and (2) their claims are all based on the same legal theory.

27. *Adequacy Of Representation*: Plaintiff is an adequate representative of the class he seeks to represent because: (a) he is willing and able to represent the proposed class and has every incentive to pursue this action to a successful conclusion; (b) his interest is not

in any way antagonistic to those of the other class members; and (c) he is represented by experienced and competent counsel.

28. *Commonality*: There are questions of law and fact common to all members of the Class. The overarching questions of law and fact that are common to all members of the class are whether:

(a) in responding to a CRA notice of disputes regarding individuals debts that have been discharged in bankruptcy, did Chase violate 15 U.S.C. 1681s-2(b) by failing to follow reasonable investigation procedures for ascertaining the accuracy of information pertaining to those reported debts;

(b) Chase's failure to comply with the requirements of 15 U.S.C. 1681s-2(b) is negligent pursuant to 15 U.S.C. §1681o(a); and

(c) Chase's failure to comply with the requirements of 15 U.S.C. §1681s-2(b) is willful pursuant to 15 U.S.C. 1681n(a).

29. Class certification of plaintiff's claims is appropriate because Defendant has acted and/or refused to act on grounds generally applicable to the class, thereby making declaratory and final injunctive relief appropriate. Such generally applicable grounds consist of Chase's conduct in failing and refusing to follow reasonable procedures in connection with its investigation of erroneous reporting of debts that have been discharged following the issuance of an order approving a consumer's Chapter 7 bankruptcy petition.

30. Class certification of plaintiff's claims for willful failure to employ reasonable reporting procedures in violation of 15 U.S.C. 1681s-2(b) is also for their are common questions of law and fact relating to plaintiff's willful violation claims that predominate over questions affecting only individual members. Moreover, the class action vehicle is superior to other available methods for the fair and efficient adjudication of these claims. For the vast

majority of members of the class, the amount of any potential recovery is too small to justify the cost of prosecuting their claims individually, despite the availability of costs and attorney fees in the event they were to prevail on the merits. Further, requiring each class member to pursue his or her claim individually would entail needless duplication of effort, would waste the resources of both the parties and the Court, and would risk inconsistent adjudications.

## FIRST CAUSE OF ACTION

### *WILLFUL FAILURE TO REASONABLY REINVESTIGATE IN VIOLATION OF 15 U.S.C. 1681s-2(a).*

(On behalf of Named Plaintiff and All Class Members)

31. The allegations set forth in paragraphs 1 - 30 above are re-alleged and incorporated by reference as if fully set forth herein.

32. Chase has failed to use reasonable investigation practices for ascertaining the accuracy of information relating to the discharged debts of Named Plaintiff and Class members that Chase has erroneously reported as due and owing to the CRAs.

33. As a result of Chase's failure to conduct reasonable investigations in accordance with the requirements of 15 U.S.C. 1681s-2(b)(1), Chase has continued to erroneously instruct to the CRAs to report the discharged debts of Named Plaintiff and Class after having been notified by the CRA that they are disputing that information.

34. Chase's failure to comply with the requirements of 15 U.S.C. 1681s-2(b) is willful within the meaning of 15 U.S.C. 1681n(a).

35. As a result of Chase's willful noncompliance with the requirements of 15 U.S.C. 1681s-2(b), Named Plaintiff and Class are entitled to statutory and punitive damages under 15 U.S.C. 1681n(a).

36. As a further result of Chase's willful noncompliance with the requirements of 15 U.S.C. 1681is-2(b), Named Plaintiff and Class members have suffered damage to their credit ratings and other actual damages.

## SECOND CAUSE OF ACTION

### *NEGLIGENT FAILURE TO REASONABLY REINVESTIGATE IN VIOLATION OF 15 U.S.C. 1681s-2(b).*

(On behalf of Named Plaintiff and All Class Members)

37. The allegations set forth in paragraphs 1 - 36 above are re-alleged and incorporated by reference as if fully set forth herein.

38. Chase has failed to use reasonable investigation practices for ascertaining the accuracy of information relating to the discharged debts of Named Plaintiff and Class members that Chase has erroneously reported as due and owing to the CRAs.

39. As a result of Chase's failure to conduct reasonable investigations in accordance with the requirements of 15 U.S.C. 1681s-2(b)(1), Chase has continued to erroneously instruct to the CRAs to report the discharged debts of Named Plaintiff and Class after having been notified by the CRA that they are disputing that information.

40. Chase's failure to comply with the requirements of 15 U.S.C. 1681s(2)(b)(1) is negligent within the meaning of 15 U.S.C. 1681o(a).

41. As a result of Chase's negligent noncompliance with the requirements of 15 U.S.C. 1681s-2(b)(1), plaintiff and subclass members have suffered damage to their credit ratings and other actual damages.

## THIRD CAUSE OF ACTION

### *COMMON LAW TORT OF DEFAMATION*

(On behalf of Named Plaintiff and All Class Members)

8

42. The allegations set forth in paragraphs 1 - 41 above are re-alleged and incorporated by reference as if fully set forth herein.

43. Chase owns and or has access to WaMu's records that clearly establish that Named Plaintiff and the Class had mortgage debts serviced or owned by WaMu that were discharged in bankruptcy.

44. During the bankruptcy proceeding of the Named Plaintiff and Class, Chase or WaMu received notification that the debts were being included and/or discharged in the bankruptcy.

45. Chase has access to the public records (i.e. courthouse, PACER, etc.) that clearly demonstrate that the Named Plaintiff and Class had mortgage debts with Chase or WaMu that was discharged in bankruptcy.

46. Despite knowing the Named Plaintiff and Class no longer had an obligation to pay the discharged debts, in an effort to shame the Named Plaintiff and Class or to coerce payment from the Named Plaintiff and Class or just reckless indifference to Named Plaintiff and Class rights, Chase published the Named Plaintiff and Class were delinquent on their mortgage debts with Chase. These statements were defamatory in tending to injure the Named Plaintiff's and Class' credit profile, profession and employment, and further, in impugning them to be financially irresponsible.

47. In its publications or reporting to the CRAs, Defendant Chase knowingly made the aforementioned false and defamatory statements about Named Plaintiff and Class.

48. Defendant Chase published this false and defamatory publication to the CRAs, who reasonably understood this publication to be defamatory.

9

49. Defendant Chase knew the CRAs would publish the false and defamatory publication to other creditors and employers of the Named Plaintiff and Class.

50. Defendant Chase acted with knowledge of the falsity of the statements and with the intent to harm (or reckless disregard for) the Named Plaintiff and Class chances obtaining credit when instructing the CRAs to report the erroneous and derogatory credit information about the Named Plaintiff and Class.

51. As a result of the false and defamatory statements published by Defendant Chase, the character and financial reputation of Named Plaintiff and Class were harmed, their standing and reputation in the financial and credit community were impaired, and they suffered mental anguish.

52. As a direct and proximate result of the false and defamatory credit reporting published by Defendant Chase, Named Plaintiff's and Class' credit score and credit profiles were injured, thereby suffering a loss of prospective credit and/or employment.

WHEREFORE, Plaintiff respectfully prays:

A. That the practices and procedures of Defendant complained of herein be determined and adjudged to be in violation of the rights of Named Plaintiff and Class members under the FCRA;

B. That a permanent injunction be issued requiring Defendant to adopt reporting procedures and investigation practices in accord with the requirements of the FCRA;

C. That the Court enter an Order certifying all of the claims of the Class;

D. That in accordance with 15 U.S.C. 1681n(a) and 1681o(a), judgment be entered in favor of Named Plaintiff and the Class, either individually or class-

wide, and against Defendants for statutory and/or punitive damages in amounts to be determined at trial;

E. That in accordance with 15 U.S.C. 1681n(a)(3) and 1681o(a)(2), Named Plaintiff and the Class be awarded the costs of this action together with reasonable attorney's fees as the Court may determine;

F. That Named Plaintiff and Class be awarded damages under their Third Cause of Action for Defamation;

G. That Named Plaintiff and Class members be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem equitable and just.

## DEMAND FOR TRIAL BY JURY

53. Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

ANTHONY RIVERA

Anthony Rivera
817 4th Street, NE
Washington, DC 20002
Tel: (202) 528-4530
E-mail: arivera268@aol.com

*Pro Se Plaintiff*

11