UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY RIVERA,<br>  Plaintiff,<br><br>  v.<br><br>JPMORGAN CHASE BANK, N.A.,<br>  Defendant. | )<br>)<br>)<br>)<br>)   Civil Action No. 1:15-cv-01065<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

In this case, plaintiff, Anthony Rivera, brings an action *pro se* against JPMorgan Chase Bank ("Chase") for damages and injunctive relief, alleging willful failure to reasonably reinvestigate in violation of 15 U.S.C. § 1681s-2(a), negligent failure to reasonably reinvestigate in violation of 15 U.S.C § 1681s-2(b), and defamation under the common law. Plaintiff filed this complaint as a class action, which the defendant has challenged due to the plaintiff's *pro se* status. This matter is before the Court on defendant's motion to strike class action allegations and defendant's motion to dismiss.

For the following reasons and after consideration of the parties' briefing and relevant legal standards, in a separate order to issue this date, the defendant's motion to dismiss will be GRANTED, and the defendant's motion to strike class action allegations will be DENIED as moot.

### I. BACKGROUND

Plaintiff is a natural person who resides in the District of Columbia. Compl. ¶ 1. Defendant Chase is a national banking association that provides financial services, including mortgage-related services, to individual consumers and financial entities *Id.* ¶ 2. Chase furnishes information to credit reporting agencies ("CRAs") regarding its mortgagors. *Id.*

1

In August 2001, the plaintiff acquired a mortgage loan (the "Loan") from Washington Mutual Bank, F.A. ("Washington Mutual"), which began servicing the Loan in February 2002. *Id.* ¶¶ 12–13. Plaintiff filed for Chapter 7 bankruptcy in January 2003, and his loan was discharged accordingly. *Id.* ¶¶ 14, 16. Washington Mutual reported to CRAs that the Loan was discharged with a zero balance. *Id.* ¶¶ 15, 17.

Chase supposedly acquired the servicing rights to the Loan in September 2009. *Id.* ¶ 18. Plaintiff claims that in March 2013 he discovered that Chase had been erroneously reporting that plaintiff owed on his discharged loan. *Id.* ¶ 19. He argues that these erroneous reports by Chase adversely affected his credit. *Id.* ¶ 20. Plaintiff also alleges that he reported this information to Equifax, a CRA, which then notified Chase of the dispute. *Id.* ¶¶ 21–22; Pl.'s Opp. Def.'s Mot. Dismiss ¶ 5. At this time, Chase purportedly "responded by instructing Equifax to continue reporting the account as being currently due and owing." Compl. ¶ 22.

As a result of this dispute, the plaintiff filed a complaint against Chase in the Superior Court for the District of Columbia, alleging violation of two provisions of the Fair Credit Reporting Act ("FCRA") and common law defamation. Compl. ¶¶ 31–41. Chase timely removed the action to this Court.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), courts should dismiss complaints that do not allege sufficient facts, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is considered "plausible on its face" if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 662. Additionally, complaints must include "more than labels and conclusions" and cannot merely consist of "a formulaic recitation of the

elements of a cause of action." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). The facts alleged "must be enough to raise a right to relief above the speculative level." *Id.*

A plaintiff proceeding *pro se* is held to a "less stringent" standard than a lawyer, and the court must construe his claims liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A *pro se* plaintiff is not, however, exempt from the Rule 12(b)(6) requirements. *See Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) ("But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting *Iqbal*, 556 U.S. at 679)).

### III. FCRA CLAIMS

#### A. Legal Standards

Furnishers of information to consumer reporting agencies are subject to certain responsibilities under the FCRA. 15 U.S.C. § 1681s-2. Specifically, they are required to provide accurate information, refrain from reporting information with knowledge of actual errors, and refrain from reporting information after notice and confirmation of errors. *Id.* § 1681s-2(a)(1). If a furnisher of information determines that information it has transferred is incorrect or incomplete, it must "promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate. . . ." *Id.* § 1681s-2(a)(2). "If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer." *Id.* § 1681s-2(a)(3).

Once a furnisher of information receives notice of a dispute regarding the completeness or accuracy of information provided, the furnisher then has a duty to: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency; (C) report the results of the investigation to the consumer reporting agency; (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information; and (E) if the investigation finds that the information is incomplete or inaccurate, modify the information, delete the information, or permanently block the reporting of the inaccurate information. *Id.* § 1681s-2(b).

The statute of limitations period for bringing a claim under the FCRA, including causes of action under § 1681s-2, is two years. *See id.* § 1681p (stating that "[a]n action to enforce any liability" must be brought "not later than the earlier of (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs"). As clearly stated in the FCRA, the statute of limitations time period commences in the first scenario when the plaintiff discovers the violation. *Id.*; *see also Rogers v. Johnson-Norman*, 466 F. Supp. 2d 162, 176 (D.D.C. 2006) ("Plaintiff's FCRA claim does not relate back to his original complaint, and his amended complaint was not filed until September 20, 2006. Consequently, if plaintiff discovered the alleged violation immediately upon its supposed occurrence in April 2004, plaintiff's FCRA complaint would be time barred.").

"A defendant may raise the affirmative defense of statute of limitations via a Rule 12(b)(6) motion when the facts that give rise to the defense are clear from the face of the complaint." *DePippo v. Chertoff*, 453 F. Supp. 2d 30, 33 (D.D.C. 2006). Dismissal is warranted

4

when "no reasonable person could disagree on the date on which the cause of action accrued," and "the complaint on its face is conclusively time-barred." *Id.* (internal quotations omitted).

### B. Discussion

Plaintiff in this case has stated two causes of action under the FCRA—one under § 1681s-2(a) and another under § 1681s-2(b). Compl. ¶¶ 31–41. He specifically claims that Chase "failed to use reasonable investigation practices for ascertaining the accuracy of information relating to the discharged debts" of plaintiff and erroneously reported his debts to the CRAs as due and owing. *Id.* ¶ 32. Plaintiff further claims that Chase continued to erroneously instruct the CRAs after having been notified that the information was disputed. *Id.* ¶ 33.

In his complaint, plaintiff explicitly notes that he discovered these alleged violations by Chase in March 2013. *See id.* ¶ 19 ("In March 2013 Mr. Rivera obtained his credit reports and discovered that the Defendant was erroneously reported [sic] the discharged [Washington Mutual] mortgage account as due and owing on Plaintiff's credit reports."). Thus, based on the FCRA statute of limitations period, the plaintiff had until March 2015 to bring an action against Chase for its allegedly erroneous reporting 15 U.S.C. § 1681p. Because plaintiff brought the current action in June 2015, he missed the statute of limitations period by approximately three months.

The plaintiff argues in opposition to the defendant's motion to dismiss that his complaint is not time-barred because the statute of limitations period does not commence until the consumer disputes the information in question with a CRA. Pl.'s Opp. Def.'s Mot. Dismiss ¶ 1. In making this argument, however, the plaintiff cites to cases that speak to a different issue entirely. *Id.* ¶¶ 1–2. *Ausar-El* sets forth three requirements for bringing a claim under § 1681s-2, and *Aviles* stands for the proposition that liability under the FCRA attaches when a furnisher fails

to conduct a reasonable reinvestigation, not when an error or misrepresented item appears on a consumer's credit statement. *Ausar-El v. Barclay Bank Del.*, No. PJM 12–0082, 2012 WL 3137151, at *3 (D. Md. July 31, 2012); *Aviles v. Equifax*, 521 F. Supp. 2d 519, 525 (E.D. Va. 2007). In spite of plaintiff's contention, the moment when liability attaches and the moment when the statute of limitations period accrues are distinct issues.

The FCRA explicitly states that causes of action must be brought not later than the earlier of either (1) two years after the date when the plaintiff discovered the violation, or (2) five years after the date when the violation occurred. 15 U.S.C. § 1681p. Even when liberally interpreting the complaint, plaintiff clearly asserts that he discovered the violation giving rise to Chase's alleged liability in March 2013. Compl. ¶ 19. Thus, "[T]he complaint on its face is conclusively time-barred," and dismissal is consequently warranted.

Consequently, plaintiff's two claims under the FCRA are barred by the statute of limitations, and therefore do not survive Chase's motion to dismiss.

## IV. DEFAMATION CLAIM

### A. Legal Standards

#### i. *FCRA Preemption Provisions*

The FCRA includes two separate preemption subsections, which seemingly contradict each other under certain circumstances. 15 U.S.C. § 1681h(e); 15 U.S.C. § 1681t(b)(1)(F). The earlier-enacted preemption portion, § 1681h(e), does not generally preempt most state laws, but rather specifically preempts a number of common-law causes of action, including defamation claims. *See* 15 U.S.C. § 1681h(e) ("[N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to reporting of information

against . . . any . . . person who furnishes information to a [CRA] . . . except as to false information furnished with malice or willful intent to injure such consumer.").

The later-enacted preemption section, however, provides a broader provision: "No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, . . . relating to the responsibilities of persons who furnish information to [CRAs] . . ."). *Id.* § 1681t(b)(1)(F). This section does not include a malice or willfulness requirement and generally preempts "the laws of any State."

### ii. *Three Approaches to Reconciliation of the Provisions*

Because § 1681h(e) and § 1681t(b)(1)(F) are both present in the most recent version of the FCRA, "courts have struggled to reconcile an apparent conflict between the two preemption provisions." *Haynes v. Navy Fed. Credit Union*, 825 F. Supp. 2d 285, 298 n.14 (D.D.C. 2011). This remains an uncertain area of FCRA jurisprudence, and the U.S. Court of Appeals for the D.C. Circuit has not directly addressed the narrow issue. Other courts, however, have taken one of three main approaches when deciding which preemption section to apply: (1) the "temporal approach," (2) the "statutory approach," or (3) the "total approach." *See Himmelstein v. Comcast, L.L.C.*, 931 F. Supp. 2d 48, 57 (D.D.C. 2013) (evaluating each of these three approaches).

Under the temporal approach, courts reconcile the provisions by determining that § 1681t(b)(1)(F) preempts state law claims that arise after a furnisher is notified of a dispute, while § 1681h(e) applies to claims prior to such notice. *See, e.g., Vazquez-Garcia v. Trans Union de P.R., Inc.*, 222 F. Supp. 2d 150, 161 (D.P.R. 2002) (deciding on this approach in order "to give effect to both the original § 1681h(e) and the new § 1681t(b)(1)(F) and to avoid any construction that nullifies one section or causes it to be superfluous"); *Aklagi v. Nationscredit Fin. Servs. Corp.*, 196 F. Supp. 2d 1186, 1194–96 (D. Kan. 2002) (dividing its preemption

7

analysis into two separate time periods: (1) the time between the loan's origination and the defendant receiving notice of the dispute, and (2) the time after the defendant received notice of the dispute). *But see Johnson v. Citimortgage, Inc.*, 351 F. Supp. 2d 1368, 1375 (N.D. Ga. 2004) (rejecting this approach because it affords "a furnisher of information more protection from exposure to liability for acts committed after receiving notice of dispute than for acts committed before such notice").

In contrast, courts that follow the statutory approach assert that the newer preemption provision, 15 U.S.C. § 1681t(b)(1)(F), applies only to state statutes, not to state common law. *See, e.g., Manno v. Am. Gen. Fin. Co.*, 439 F. Supp. 2d 418, 429–30 (E.D. Pa. 2006) ("According to the statutory approach to preemption under t(b)(1)(F), which I adopt, Plaintiffs' defamation claim is not preempted by t(b)(1)(F) because it is not statutory in nature."); *Barnhill v. Bank of Am., N.A.*, 378 F. Supp. 2d 696, 703 (D.S.C. 2005) ("The statutory approach construes § 1681t as preempting only state statutory causes of action, with § 1681h(e) preempting some state common law causes of action. There are numerous reasons why the statutory approach is the most compelling of the three.").

Finally, courts that adhere to the total approach contend that "the new preemption provision preempts all related state-law causes of action against furnishers, even willful violations of state common law." *Himmelstein*, 931 F. Supp. 2d at 59. These courts do not assert that § 1681t(b)(1)(F) repeals § 1681h(e), but that "the first-enacted statute preempts some state regulation of reports to credit agencies, and the second-enacted statute preempts more. . . ." *Purcell v. Bank of Am.*, 659 F.3d 622, 625 (7th Cir. 2011).

In *Himmelstein*, this Court adopted the total approach used by the Second and Seventh Circuits after examining each approach in turn. *Himmelstein*, 931 F. Supp. 2d at 59–60 (citing to

*Purcell*, 659 F.3d at 625 & *Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45 (2d Cir. 2011)); *see also Ihebereme v. Capital One, N.A.*, 933 F. Supp. 2d 86, 98 (D.D.C. 2013) (determining that the plaintiff's defamation claim was preempted under both § 1681h(e) and § 1681t(b)(1)(F) because it arose "from the contention that defendants provided false information to credit agencies or failed to correct false information they provided to credit agencies"); *Adams v. Martinsville Dupont Credit Union*, 573 F. Supp. 2d 103, 118 (D.D.C. 2008) (concluding that the plaintiff's defamation claim was preempted, despite his allegations of malice and willful intent to injure). In reaching this conclusion, the Court noted in *Himmelstein* that courts using the other two approaches neither mention nor renounce the Second and Seventh Circuit decisions. *Himmelstein*, 931 F. Supp. 2d at 60. It goes on to state that the Second and Seventh Circuit decisions are "almost the only Circuit decisions to engage in a detailed analysis of the issue, they are the most recent ones, and their discussion convinces the Court." *Id.*

This Court finds *Himmelstein* compelling. It sees no reason to hold differently at this time, as the D.C. Circuit has not yet ruled on the issue. Thus, the Court will evaluate plaintiff's defamation claim under the total approach.

### B. Discussion

The plaintiff in this case argues that he pled malice or willfulness in his complaint. *See* Pl.'s Opp. Def.'s Mot. Dismiss ¶ 7 ("Despite Defendant's claims to the contrary, the Plaintiff has alleged that Chase acted with malice and intent to injure the Plaintiff." (citing to Compl. ¶ 46)); *see also Haynes*, 825 F. Supp. 2d at 297 ("[U]nder the liberal pleading requirements of the Federal Rules of Civil Procedure, '[m]alice . . . may be alleged generally.'" (quoting Fed. R. Civ. P. 9(b))). Thus, if § 1681h(e) applies, plaintiff's defamation claim is not preempted, and if § 1681t(b)(1)(F) applies, his claim is preempted. *See Himmelstein*, 931 F. Supp. 2d at 57 ("To

decide the Motion, the Court must ultimately decide which provision applies. Since Plaintiff has pled willfulness, . . . if the 1970 section governs, no preemption occurs; on the other hand, under the 1996 section, Plaintiff's claim would be preempted.").

Applying the total approach as adopted in *Himmelstein*, this Court finds that the plaintiff's common law defamation claim is preempted because it covers the same subject matter as the FCRA—it is "premised solely upon conduct that § 1681s-2 directly regulates." *Id.* at 60. The FCRA expressly preempts state causes of action arising from such conduct. *Id.*; 15 U.S.C. § 1681t(b)(1)(F). Consequently, the plaintiff's defamation claim cannot survive Chase's motion to dismiss.

## V. CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss will be GRANTED, defendant's motion to strike class action allegations will be DENIED as moot, and plaintiff's claims will be DISMISSED in their entirety. A separate order consistent with this Memorandum Opinion shall issue this date, October 22, 2015.

_____
ROYCE C. LAMBERTH
United States District Judge