UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANTHONY RIVERA,<br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br>Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No. 1:15-cv-01065<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

In this case, plaintiff, Anthony Rivera, brought an action *pro se* against JPMorgan Chase Bank ("Chase") for damages and injunctive relief, alleging two violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681s-2(a) and 1681s-2(b), and common law defamation. Compl. 7–10. On October 26, 2015, this Court granted Chase's motion to dismiss because the plaintiff's FCRA claims were time-barred and because the plaintiff's defamation claim was preempted. ECF No. 10.

This matter is now before the Court on the plaintiff's Motion to Alter or Amend [12]

For the following reasons and after consideration of the parties' briefing and relevant legal standards, in a separate order to issue this date, the plaintiff's motion to alter or amend will be DENIED.

### I. BACKGROUND

In opposition to the defendant's motion to dismiss (ECF No. 4),[1] the plaintiff argued that his FCRA claims were not time-barred under 15 U.S.C. § 1681p because "the statute of limitations does not commence from the date that the inaccurate information was discovered "

---

[1] The Court will only provide factual and procedural background necessary for consideration of the current motion.

1

ECF No. 8, ¶ 3. Rather, according to the plaintiff, "a furnisher, such as Chase, is not liable under the FCRA until the consumer disputes the information with a credit reporting agency." *Id.* ¶ 1. The plaintiff cited two nonbinding—and ultimately irrelevant—cases in support of this argument: *Ausar-El v. Barclay Bank Del.*, No. PJM 12–0082, 2012 WL 3137151, at *3 (D. Md. July 31, 2012) (setting forth requirements for bringing a claim under § 1681s-2), and *Aviles v. Equifax*, 521 F. Supp 2d 519, 525 (E.D. Va. 2007) (standing for the proposition that liability attaches under the FCRA when a furnisher fails to conduct a reasonable investigation). *Id.* ¶ 2.

The Court rejected this argument by the plaintiff and asserted that "the moment when liability attaches and the moment when the state of limitations period accrues are distinct issues." ECF No. 10, at 6. Subsequently, the Court ruled that the plaintiff's FCRA claims were barred by the statute of limitations specified in 15 U.S.C. § 1681p because they were brought later than "two years after the date when the plaintiff discovered the violation." *Id.*; *see* 15 U.S.C. § 1681p (stating that a claim under the FCRA must be brought "not later than the earlier of (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs").

Plaintiff now contends that the Court's decision to dismiss his FCRA claims was "done in clear error of the law," once again arguing that his claims were not time-barred by the FCRA. ECF No. 12, at 1. He asserts in his motion to amend, however, that "plaintiff cannot enforce § 1681s-2(a) and therefore his Complaint is not seeking a judgment pursuant to § 1681s-2(a)." *Id.* at 2. And yet, the plaintiff's first cause of action in his complaint claimed "Willful Failure to Reasonably Reinvestigate in Violation of 15 U.S.C. § 1681s-2(a)." Compl. 7.

After arguing that he only states a claim under § 1681s-2(b), the plaintiff then contends that the statute of limitations for this claim did not accrue until after he disputed the debt in

January 2015. *See* ECF No. 12, at 3–4 ("Because the Plaintiff discovered [Chase's] investigation was unreasonable no earlier than January 2015, the statute of limitations period could not have commenced before January 2015."). According to the plaintiff, with respect to § 1681s-2(b) claims, it is "not inaccurate reporting, but 'failure to conduct a reasonable investigation' that determines when the statute of limitations commences." *Id.* at 5.

Plaintiff further argues that "a furnisher is liable for each and every violation of the Act," so the statute of limitations for the plaintiff's § 1681s-2(b) claim commenced when he discovered that Chase failed to use reasonable investigation practices upon notification of a dispute. *Id.* at 3–4 Thus, the plaintiff now asserts that the statute of limitations period accrues at different times for § 1681s-2(a) claims and § 1681s-2(b) claims, a contention he did not make in his opposition to Chase's motion to dismiss. *See* ECF No. 8, at 1–2 (arguing that the statute of limitations for his FCRA claims commenced when he disputed the alleged inaccurate reporting because that is when liability attaches under the FCRA).

In support of this new argument, the plaintiff cites two unpublished, nonbinding cases that allegedly confirm his interpretation of § 1681p in connection with § 1681s-2(b). *See* ECF No. 12, at 3–4 (citing *Broccuto v. Experian*, 2008 U.S Dist. LEXIS 37079 (E.D. Va. May 6, 2008); *Drew v. Equifax Info. Servs., LLC*, 2009 U.S. Dist LEXIS 18965 (N.D. Cal. Mar. 5, 2009)).

As correctly noted by Chase in opposition to the plaintiff's motion to alter or amend, U.S. District Courts have ruled differently on this specific matter, and the District of Columbia Court of Appeals has not addressed the issue. *See* ECF No. 13, at 3–4 (citing *Bittick v. Experian Info. Sols., Inc.*, 419 F. Supp. 2d 917, 919 (N.D. Tex. 2006) (stating that such a reading of

3

15 U.S.C. § 1681p "would allow plaintiffs to indefinitely extend the limitations period by simply sending another complaint letter to the credit reporting agency"); *Blackwell v. Capital One Bank*, No. 606CV066, 2008 U S. Dist. LEXIS 23339, at *7 (S.D. Ga. Mar. 25, 2008) (following *Bittick*)).

## II. LEGAL STANDARD

District courts have "substantial discretion in ruling on motions for reconsideration" pursuant to Federal Rule of Civil Procedure 59(e),[2] *Black v. Tomlinson*, 235 F.R.D. 532, 533 (D.D.C. 2006), and courts must apply a "stringent" standard when evaluating these motions. *Ciralsky v. CIA*, 355 F.3d 661, 673 (D.C. Cir. 2004). Courts should not grant a motion to alter or amend under Rule 59(e) unless one of three circumstances exist: (1) an "intervening change of controlling law," (2) "the availability of new evidence," or (3) "the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1280 (D.C. Cir. 1996) (quoting *Nat'l Trust v. Dep't of State*, 834 F. Supp. 453, 455 (D.D.C. 1993)).

Rule 59(e) does not provide a vehicle "to relitigate old matters, or to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008). Motions to amend judgments under Rule 59(e) are disfavored and should be granted only in extraordinary circumstances. *Liberty Prop. Trust v. Republic Props. Corp.*, 570 F. Supp. 2d 95, 97–98 (D.D.C. 2008); *see also Firestone*, 76 F.3d at 1208 (stating that granting Rule 59(e) motions is "unusual").

## III. APPLICATION

---

[2] Though the plaintiff does not specifically cite to Federal Rule of Civil Procedure 59(e), the Court assumes that this is the rule upon which he bases his motion. *See* ECF No. 12, at 1 (citing *Firestone v. Firestone*, 76 F.3d 1205, 1280 (D.C. Cir. 1996) and *Solomon v. Univ. of S. Cal.*, 255 F.R.D. 303, 304 (D.D.C.), which address Rule 59(e) motions).

Though the plaintiff in this case argues that "[t]he Court's basis for granting the motion to dismiss was done in clear error of the law," he has not demonstrated why the Court's judgment was committed in "clear error." ECF No. 12, at 1. The plaintiff strictly bases his argument for reconsideration on nonbinding cases, which were decided years in advance of his original complaint. He does not explain why he could not have made his current argument in opposition to the defendant's motion to dismiss. Thus, the plaintiff appears to be attempting to use Rule 59(e) as a means to offer new arguments that could have been raised prior to the Court's judgment.

Furthermore, presentation of merely persuasive cases neither adequately demonstrates to the Court that it committed "clear error" in its decision to dismiss the plaintiff's claims, nor does it indicate "extreme circumstances" warranting alteration or amendment of the Court's judgment. These cases are not binding on the Court, and their holdings do not establish a clear error committed by this Court that must be corrected. Additionally, the plaintiff has not offered any other bases for reconsideration of the judgment, such as a change of controlling law. Consequently, the plaintiff has not met the "stringent" standard of Rule 59(e), and the Court cannot grant his motion to alter or amend

## IV. CONCLUSION

For the foregoing reasons, the plaintiff's motion to alter or amend will be DENIED.

A separate order consistent with this Memorandum Opinion shall issue this date.

*/s/ Royce C. Lamberth*
ROYCE C. LAMBERTH
United States District Judge

DATE: 12/10/15